F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    DEC 14 2017    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY WILLIAMS,                                  :

                        Petitioner,    :

                  -against-                :

HAROLD GRAHAM,                                      :

                       Respondent.    :
-------------------------------------------------------------X

ORDER
17-CV-7068 (JFB)

JOSEPH F. BIANCO, District Judge:

On December 4, 2017, incarcerated petitioner Anthony Williams ("petitioner" or

Williams), acting *pro se,* filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. §

2254 together with an application to proceed *in forma pauperis.* Petitioner seeks to challenge a

judgment of conviction against him issued upon a jury verdict rendered on February 27, 1998 in

the County Court in the State of New York, County of Nassau, finding him guilty of one count of

murder in the first degree in violation of New York Penal Law § 125.27(1)(a)(vii), one count of

criminal possession of a weapon in the second degree in violation of New York Penal Law §

265.03, two counts of criminal possession of a weapon in the third degree in violation of New

York Penal Law § 265.02(4), two counts of attempted robbery in the first degree in violation of

New York Penal Law §§ 110.00/ 160.15(1) and 110.00/160.15(2), and one count of criminal

possession of criminal of stolen property in the fifth degree under New York Penal Law § 165.40.

However, by Memorandum and Order dated January 22, 2016, District Judge Hurley

denied a petition filed by Williams that sought a writ of habeas corpus pursuant to 28 U.S.C. §

2254 challenging the same conviction. *See Williams v. Senkowski,* 03-CV-3123(DRH) Docket

Entry No. 44.

Upon review of the declaration accompanying petitioner's application to proceed *in forma*

*pauperis*, the Court finds that petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. §1915(a)(1). Accordingly, petitioner's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the petition is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

The Antiterrorism and Effective Death Penalty Act "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Accordingly, petitioner must move for authorization to pursue this successive petition for habeas relief in the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). In the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121-23 (2d Cir. 1996) ("[W]e have held that a district court must transfer uncertified successive motions to th[e Second Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631."). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen this docket number, 17-CV-7068(JFB).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     December 14, 2017          s/ Joseph F. Bianco
           Central Islip, New York          Joseph F. Bianco
                                             United States District Judge